P6KVSMIP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                              25 Cr. 281 (PAE)

5   JUSTIN HEATH SMITH,

6                Defendant.                  Plea

7   ------------------------------x

8                                            New York, N.Y.
                                             June 20, 2025
9                                            11:55 a.m.

10

    Before:
11
                        HON. PAUL A. ENGELMAYER,
12
                                             District Judge
13

14                          APPEARANCES

15

    JAY CLAYTON
16       United States Attorney for the
         Southern District of New York
17  GETZEL BERGER
         Assistant United States Attorney
18

    THOMAS ANDRYKOVITZ
19  MICHAEL BALDASSARE
    JEFFREY HAWRILUK
20       Attorneys for Defendant

21  Also Present:  Matthew Deragon, FBI
                   Shea Brennan, Intern-USAO
22

23

24

25

P6KVSMIP

1

2          (Case called)

3          THE DEPUTY CLERK:  State your appearance for the

4  record.

5          MR. BERGER:  Good morning, your Honor.

6          Getzel Berger, for the government.  I'm accompanied by

7  FBI Special Agent Matthew Deragon; and Shea Brennan, who is a

8  law school intern in our office from NYU Law.

9          THE COURT:  All right.  Good morning, Mr. Berger; good

10  morning, Agent Deragon; and good morning, Mr. Brennan.

11          You may all be seated.

12          MR. BALDASSARE:  Good morning, your Honor.

13          Michael Baldassare, Baldassare & Mara, on behalf of

14  defendant, Justin Smith, who is standing to my right.  Right to

15  his right is Thomas Andrykovitz of the Law Office of Thomas

16  Andrykovitz.  And to his right is Jeffrey Hawriluk of my firm,

17  Baldassare & Mara.

18          THE COURT:  All right.  Good morning, Mr. Baldassare;

19  good morning, Mr. Andrykovitz; good morning, Mr. Hawriluk; and

20  good morning to you, Mr. Smith.  You may all be seated.

21          All right.  This is our initial conference in the

22  case.  I understand from my deputy, Mr. Berger, that we are

23  headed towards a guilty plea today to the information based on

24  a plea agreement that's been handed up; correct?

25          MR. BERGER:  Yes, your Honor.

P6KVSMIP

1          THE COURT:  All right.  Inasmuch as we are headed

2     there, I will take care of the defendant's arraignment in the

3     course of the plea colloquy rather than separating the two.

4     But before we get to that point, I would benefit just by some

5     background here.

6          Can you give me the history of the case to this point.

7          MR. BERGER:  Of course.

8          So the defendant was initially charged almost a year

9     ago in a complaint with receiving distribution of child

10    pornography and possession of child pornography.  He was

11    ordered detained at that time.

12         Over the past year, the government conducted some

13    additional investigation and had extensive discussions with

14    defense counsel regarding potential resolutions.  Throughout

15    that period, the indictment deadline and the preliminary

16    hearing deadline was adjourned on consent of the parties.

17         And I understand that the defendant is today prepared

18    to plead to a one-count information, charging him with

19    enticement of a minor.  This plea would be pursuant to a plea

20    agreement that, among other things, specifies that the

21    defendant would not contest certain additional conduct which is

22    listed in Appendix A of the plea agreement.

23         THE COURT:  One moment.

24         All right.  Was the count to which -- the one count

25    that is in the information, was that count part of the

P6KVSMIP

1   complaint or is what you're saying, that the ensuing

2   investigation ultimately went -- established offenses or an

3   offense beyond child pornography to the enticement offense?

4           MR. BERGER:  It's the latter.  So the count to which

5   he is pleading -- prepared to plead, is a more serious one than

6   the one originally charged.

7           THE COURT:  Got it.

8           And the additional conduct that's set out in

9   Attachment A broadens the factual allegations beyond those

10   supporting the one count in the information in what way?

11           MR. BERGER:  Well, it involves additional conduct,

12   additional victims.

13           THE COURT:  Okay.

14           MR. BERGER:  Yes.

15           THE COURT:  All right.  Okay.

16           The defendant has been presented, right, so there's no

17   need for that.

18           MR. BERGER:  Correct, on the initial complaint.

19           THE COURT:  On the initial complaint.

20           What about discovery?  I note that he's only now

21   waiving to an information and, therefore, Rule 16 only will

22   kick in, in effect, at the close of this proceeding upon his

23   arraignment on the information.  Any agreement between the

24   parties with respect to that?

25           MR. BERGER:  So the government did provide voluntarily

P6KVSMIP

1    some pre-indictment discovery to the defense.  Obviously, if

2    this were to go to Rule 16 stage, it would be more.  So we

3    would certainly ask that the Court enter a 5(f) order today.

4              THE COURT:  Enter a?

5              MR. BERGER:  An order pursuant to Rule 5(f).

6              THE COURT:  I'm certainly going to do that.

7    Absolutely.  No, that's on my list to do today.

8              Let me though ask defense counsel — Mr. Baldassare, I

9    take it, you're taking the lead?

10             MR. BALDASSARE:  Yes, Judge.

11             THE COURT:  Insofar as the defendant is pleading

12   essentially at the first conference before me, what

13   implications does that have with respect to Rule 16 discovery?

14   Are you going to be seeking it or not?

15             MR. BALDASSARE:  No, Judge.  The government stated it

16   correctly, that we did get -- we got a generous amount of

17   discovery given where we were at the time.  We are not looking

18   for any additional discovery, so we're fine with that.  We're

19   fine with where we are.

20             THE COURT:  Very good.

21             And is what government counsel stated correct?  Is

22   there anything you want to add to that?

23             MR. BALDASSARE:  Everything is correct.  The only

24   thing I would add is with respect to Attachment A or Schedule

25   A.  Since it is comprehensive, we specifically carve out in the

P6KVSMIP

1    plea the right -- since we are not contesting it, the right to

2    plead not guilty and challenge them if, God forbid, they are

3    ever charged separately, because we're not admitting them,

4    we're just not contesting them.  And reserving the right to

5    challenge the use of any of that conduct in the calculation of

6    the guidelines.  We understand that that conduct could be used

7    for the ultimate sentence; but as far as the level, we reserved

8    our right to say that that is not included as relevant conduct

9    or the calculation.

10           THE COURT:  The issue would be a relevant conduct

11    issue as opposed to something else.

12           MR. BALDASSARE:  Yes.

13           THE COURT:  But you're not disputing the Court's

14    authority under the broader 3553(a) factors to consider that

15    conduct as aggravating, if you will, in connection with the

16    ultimate sentence.

17           MR. BALDASSARE:  That is correct, Judge, we are not

18    challenging that.

19           THE COURT:  Okay.  Very good.

20           Have you reviewed with your client the questions that

21    are apt to be put to him in the course of a plea procedure?

22           MR. BALDASSARE:  We have, Judge.

23           THE COURT:  All right.

24           Are you ready to proceed then?

25           MR. BALDASSARE:  Yes, Judge.

P6KVSMIP

1            THE COURT:  All right.

2            Mr. Smith, I have been informed that you wish to plead

3    guilty to Count One of an information that is being filed in

4    this case.

5            MR. ANDRYKOVITZ:  Do you want -- I'm sorry, Judge, do

6    you want him to stand?

7            THE COURT:  No, not necessary, only when he is sworn,

8    which we'll get to in a moment.

9            MR. ANDRYKOVITZ:  Thank you.

10           THE COURT:  Mr. Smith, I understand that you wish to

11   plead guilty today to Count One of the information that is

12   being filed in this case; is that correct?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  All right.

15           Is the plea pursuant to a plea agreement?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  All right.

18           Counsel have handed up a signed form of the plea

19   agreement, and I'm going to mark it as Government Exhibit 1.

20           Just one moment.

21           And I will have questions to counsel and the defendant

22   about Government Exhibit 1, the plea agreement, later in this

23   proceeding.

24           Mr. Smith, before I accept your guilty plea, I'm going

25   to ask you certain questions so that I can establish to my

P6KVSMIP

| | |
|---|---|
| 1 | satisfaction that you wish to plead guilty because you are |
| 2 | guilty and not for some other reason.  If you don't understand |
| 3 | any of my questions or you'd like a further opportunity to |
| 4 | consult with your attorneys, will you please let me know? |
| 5 | THE DEFENDANT:  Yes, your Honor. |
| 6 | THE COURT:  Are you able to speak and understand |
| 7 | English? |
| 8 | THE DEFENDANT:  Yes, your Honor. |
| 9 | THE COURT:  Mr. Smallman, will you kindly place the |
| 10 | defendant under oath. |
| 11 | (Defendant sworn) |
| 12 | THE COURT:  All right.  Would you please be seated. |
| 13 | Do you understand that you are now under oath, and |
| 14 | that if you answer any of my questions falsely, your answers to |
| 15 | my questions may be used against you in another prosecution for |
| 16 | perjury? |
| 17 | THE DEFENDANT:  Yes. |
| 18 | THE COURT:  What is your full name? |
| 19 | THE DEFENDANT:  Justin Heath Smith. |
| 20 | THE COURT:  How old are you? |
| 21 | THE DEFENDANT:  44. |
| 22 | THE COURT:  How far did you go in school? |
| 23 | THE DEFENDANT:  High school. |
| 24 | THE COURT:  Where was that. |
| 25 | THE DEFENDANT:  Alvarado, Texas. |

P6KVSMIP

1              THE COURT:  Did you graduate from high school?

2              THE DEFENDANT:  I did.

3              THE COURT:  Have you ever been treated or hospitalized

4     for any mental illness?

5              THE DEFENDANT:  No.

6              THE COURT:  Are you now or have you recently been

7     under the care of a doctor or a psychiatrist?

8              THE DEFENDANT:  I was briefly before I was arrested.

9              THE COURT:  A doctor or psychiatrist?

10             THE DEFENDANT:  I was seeing a therapist for

11    approximately four months.

12             THE COURT:  Okay.

13             What is the state of your mental health today?

14             THE DEFENDANT:  I'm healthy.

15             THE COURT:  Have you ever been hospitalized or treated

16    for addiction to any drugs or alcohol?

17             THE DEFENDANT:  No.

18             THE COURT:  In the past 24 hours, have you taken any

19    drugs, medicine or pills, or drunk any alcoholic beverages?

20             THE DEFENDANT:  No.

21             THE COURT:  Is your mind clear today?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Do you understand what's happening in this

24    proceeding?

25             THE DEFENDANT:  Yes.

P6KVSMIP

1          THE COURT:  Do either counsel, beginning with the

2     government, have any doubt as to the defendant's competence to

3     plead at this time?

4          MR. BERGER:  No, your Honor.

5          MR. BALDASSARE:  No, Judge.

6          THE COURT:  All right.

7          Based on Mr. Smith's responses to my questions, based

8     on his demeanor as he appears before me, and based on counsel's

9     independent assessments, I find that Mr. Smith is competent to

10    enter a plea of guilty at this time.

11         Have you had a sufficient opportunity to discuss your

12    case with your attorneys?

13         THE DEFENDANT:  I have.

14         THE COURT:  Have you had a sufficient opportunity to

15    discuss the particular charge to which you intend to plead

16    guilty, any possible defenses to that charge, and the

17    consequences of entering a plea of guilty?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Are you satisfied with your attorneys'

20    representation of you, including in connection with reaching a

21    plea agreement?

22         THE DEFENDANT:  Yes.

23         THE COURT:  I'm now going to explain certain

24    constitutional rights that you have.  You'll be giving up these

25    rights if you enter a plea of guilty.

P6KVSMIP

1          Under the Constitution and laws of the United States,

2     you are entitled to a speedy and a public trial by a jury on

3     the charge contained in the information.

4          Do you understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  At that trial, you'd be presumed to be

7     innocent and the government would be required to prove you

8     guilty by competent evidence and beyond a reasonable doubt

9     before you could be found guilty.  You would not have to prove

10    that you were innocent, and a jury of 12 people would have to

11    agree unanimously that you are guilty.  Do you understand that?

12         THE DEFENDANT:  Yes.

13         THE COURT:  At that trial and at every stage of your

14    case, you'd be entitled to be represented by an attorney and,

15    if you could not afford one, one would be appointed to

16    represent you free of charge.  Do you understand that?

17         THE DEFENDANT:  Yes.

18         THE COURT:  During a trial, the witnesses for the

19    government would have to come to court and testify in your

20    presence, and your lawyer could cross-examine the witnesses for

21    the government, object to evidence offered by the government

22    and, if you desired, issue subpoenas, offer evidence, and

23    compel witnesses to testify on your behalf.

24         Do you understand that?

25         THE DEFENDANT:  Yes.

P6KVSMIP

1          THE COURT:  At trial, although you would have the

2    right to testify if you chose to do so, you would also have the

3    right not to testify.  And no inference or suggestion of guilt

4    could be drawn from the fact that you did not testify, if that

5    was what you chose to do.  Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  At trial, the government would have to

8    prove each and every part or element of a charge beyond a

9    reasonable doubt for you to be convicted of that charge.

10          Do you understand that?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Do you understand that if you are

13    convicted at a trial, you would then have the right to appeal

14    that guilty verdict?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Even at this time, right now, even as you

17    are in the process of entering this guilty plea, you have the

18    right to change your mind, plead not guilty, and go to trial.

19          Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  If you plead guilty and I accept your

22    guilty plea, you'll give up your right to a trial and the other

23    rights that I've just described.  There will be no trial and I

24    will enter a judgment of guilty and sentence you on the basis

25    of your guilty plea, after considering the submissions relating

P6KVSMIP

1    to sentencing that I get from you, your lawyer, and the

2    government, as well as a presentence report prepared by the

3    probation department.  Do you understand that?

4            THE DEFENDANT:  Yes.

5            THE COURT:  If you plead guilty, you'll also have to

6    give up your right not to incriminate yourself, because I will

7    ask you questions about what you did in order to satisfy myself

8    that you are guilty as charged.  Do you understand that?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Now, the document which contains the

11   charge to which you've indicated you wish to plead guilty is

12   called an information.  It has been issued by the United States

13   Attorney.  This is a serious crime and you have a

14   constitutional right to require the government to present

15   evidence to a grand jury which may or may not vote to charge

16   you with this crime.

17           Do you understand what a grand jury is?

18           THE DEFENDANT:  Yes.

19           THE COURT:  If the grand jury did vote to charge you

20   with this crime, the charge would then be contained in a

21   document called an indictment rather than an information.  An

22   indictment would be signed by the United States Attorney and

23   the grand jury foreperson.  Do you understand that?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Do you wish to give up your right to be

P6KVSMIP

1     charged by a grand jury?

2              THE DEFENDANT:  Yes.

3              THE COURT:  All right.  Counsel have handed up to me a

4     signed waiver of indictment form.

5              Mr. Baldassare, is this your signature on the form?

6              MR. ANDRYKOVITZ:  No, your Honor, it's my signature.

7              THE COURT:  Oh, I'm sorry.  You are Mr.?

8              MR. ANDRYKOVITZ:  Andrykovitz.

9              THE COURT:  Mr. Andrykovitz, is this your signature on

10    the form?

11             MR. ANDRYKOVITZ:  Yes, your Honor.

12             THE COURT:  All right.  Very good.

13             Mr. Smith, is this your signature on the form?

14             THE DEFENDANT:  Yes.

15             THE COURT:  And the signatures have been witnessed by

16    my deputy, Mr. Smallman.

17             Mr. Smith, when you signed this form, did you

18    understand that you were acknowledging your willingness to give

19    up your right to be indicted by a grand jury?

20             THE DEFENDANT:  Yes.

21             THE COURT:  All right.  I find a knowing and voluntary

22    waiver of the right to be indicted by a grand jury.

23             Mr. Smith, have you received a copy of the information

24    containing the charge against you?

25             THE DEFENDANT:  Yes.

P6KVSMIP

1              THE COURT:  Have you read it?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Have you had an opportunity to discuss the

4    information with your attorneys?

5              THE DEFENDANT:  Yes.

6              THE COURT:  And do you understand that you're charged

7    in Count One with the offense of enticement of a minor, in

8    violation of Title 18, United States Code, Sections 2422(b) and

9    Section 2?

10              THE DEFENDANT:  Yes.

11              THE COURT:  All right.  Government counsel, will you

12    please set out the elements of that offense.

13              MR. BERGER:  In order to prove the defendant guilty of

14    enticement of a minor, in violation of Title 18, United States

15    Code, Section 2422(b), the government would be required to

16    prove the following elements beyond a reasonable doubt:

17              First, that the defendant used a facility of

18    interstate commerce.

19              Second, that the defendant knowingly persuaded or

20    induced or enticed or coerced an individual to engage in sexual

21    activity.  And for this element I want to note that it is

22    sufficient that the defendant used a facility of interstate

23    commerce to communicate with another individual so that that

24    individual could arrange access to the victim.

25              Third, that the individual was less than 18 years old

P6KVSMIP

1    at the time of these acts.

2              Fourth, that the sexual activity, if completed, either

3    would constitute prostitution or would violate New York

4    criminal law.

5              With respect to this count I'll add that in New York,

6    it is a crime for an individual who is 21 years or older to

7    engage in oral sexual conduct with an individual who is younger

8    than 17 years old.  And the cite for that is New York Penal Law

9    Section 130.25(5).

10             In addition to these elements, the government would be

11   required to prove venue in this district by a preponderance of

12   the evidence.

13             THE COURT:  All right.  Mr. Baldassare, are you in

14   agreement with the government's recitation of the elements?

15             MR. BALDASSARE:  Yes, your Honor.

16             THE COURT:  Mr. Smith, did you hear and understand

17   AUSA Berger as he set out the elements of the offense?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Do you understand that if you were to go

20   to trial, the government would have to prove each of those

21   elements beyond a reasonable doubt, except that as to venue,

22   that venue would have to be proven only by a preponderance of

23   the evidence?

24             THE DEFENDANT:  Yes.

25             THE COURT:  All right.

P6KVSMIP

1        Do you understand that the maximum possible prison

2   sentence for Count One is life imprisonment, and that there is

3   a mandatory minimum term of imprisonment of ten years?

4        THE DEFENDANT:  Yes.

5        THE COURT:  Mr. Berger, just to be clear, the safety

6   valve provision does not apply to this offense; correct?

7        MR. BERGER:  Correct.

8        THE COURT:  All right.

9        The maximum fine for this offense is the greatest of

10  $250,000, twice the gross pecuniary gain derived from the

11  offense or twice the gross pecuniary loss to persons other than

12  you resulting from the offense.  Do you understand that?

13        THE DEFENDANT:  Yes.

14        THE COURT:  For pleading guilty to Count One, you

15  would face a maximum term of up to lifetime in supervised

16  release, and there would be a mandatory minimum term of five

17  years' supervised release.  Do you understand that?

18        THE DEFENDANT:  Yes.

19        THE COURT:  "Supervised release" means that you'll be

20  subject to monitoring when you are released from prison.  There

21  are terms of supervised release with which you must comply.  If

22  you don't comply with them, you can be returned to prison

23  without a jury trial for all or part of the term of supervised

24  release imposed by the Court.

25        Under those circumstances, you would not be given any

P6KVSMIP

1    credit towards that term for the time you served in prison as a

2    result of your sentence for this crime, nor would you

3    necessarily be given any credit for any time you had spent on

4    post-release supervision.  Do you understand that?

5            THE DEFENDANT:  Yes.

6            THE COURT:  For pleading guilty to this crime, you

7    will be required to pay a mandatory $100 special assessment,

8    and a $5,000 special assessment if you are found to be

9    nonindigent, for a total of $5100.  Do you understand that?

10           THE DEFENDANT:  Yes.

11           THE COURT:  For pleading guilty to this crime, you may

12   be required to pay restitution to any person injured as a

13   result of your criminal conduct.  Do you understand that?

14           THE DEFENDANT:  Yes.

15           THE COURT:  For pleading guilty to this crime, you may

16   be compelled to forfeit any and all property constituting and

17   derived from proceeds obtained by your criminal conduct.

18           Do you understand that?

19           THE DEFENDANT:  Yes.

20           THE COURT:  And I understand that there is a consent

21   order of forfeiture.  We'll take that up in the course of the

22   discussion a little later on about the terms of the plea

23   agreement.  But do you understand that the property listed in

24   that consent order is among the property that could be

25   forfeited here?

P6KVSMIP

```
 1                 THE DEFENDANT:  Yes.

 2                 THE COURT:  All right.

 3                 Do you also understand -- let me just pause and ask

 4       government counsel, I note in the plea agreement there's

 5       nothing stated about consequences such as being treated as a

 6       sex offender.  Is that a potential consequence here?

 7                 MR. BERGER:  I think I see it on page 7.

 8                 THE COURT:  My bad.  One moment.

 9                 Very good.  Thank you.  I missed it.  It wasn't at the

10       beginning, but I see where it is.

11                 Let me just pause and ask you, Mr. Smith, do you

12       understand that as a result of your guilty plea, you may be

13       subject to various consequences under the Sex Offender

14       Registration and Notification Act, which can have various

15       consequences, including to register and keep your registration

16       as a sex offender current in each of a variety of

17       jurisdictions?

18                 THE DEFENDANT:  Yes.

19                 THE COURT:  And do you understand that being

20       registered as a sex offender can have all sorts of consequences

21       and limitations on your life going forward?

22                 THE DEFENDANT:  Yes.

23                 THE COURT:  Have you discussed those in full with your

24       counsel?

25                 THE DEFENDANT:  I have.
```

P6KVSMIP

```
1              THE COURT:  All right.

2              Do you understand that if I accept your guilty plea

3    and adjudge you guilty, that may deprive you of various

4    valuable civil rights, including the right to vote, the right

5    to hold public office, the right to serve on a jury, and the

6    right to possess any kind of firearm?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Are you a United States citizen?

9              THE DEFENDANT:  I am.

10             THE COURT:  All right.

11             And are you a naturalized citizen or a natural-born

12   citizen.

13             THE DEFENDANT:  Yes.

14             THE COURT:  Which one?

15             THE DEFENDANT:  Oh.

16             THE COURT:  Naturalized or born in the United States?

17             THE DEFENDANT:  I was born in the U.S.

18             THE COURT:  I ask that because depending on the answer

19   to that, there are follow-up questions I need to ask.  Because

20   you're a natural-born citizen, there are fewer questions; but

21   if you turned out not to be a citizen, your conviction would

22   have consequences for your ability to remain in the United

23   States.  I am relying on your representation that you are a

24   citizen, but do you understand that if you are not, there would

25   be a variety of adverse consequences flowing from your guilty
```

P6KVSMIP

1    plea that may follow?

2              THE DEFENDANT:  Yes.

3              THE COURT:  All right.

4              Under current law, there are sentencing guidelines, as

5    well as other factors, set forth in the sentencing statutes

6    that judges are required to consider in determining a sentence.

7              Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Have you spoken with your attorneys about

10    the sentencing guidelines and those other factors?

11              THE DEFENDANT:  Yes.

12              THE COURT:  Do you understand that the Court will not

13    be able to determine the guideline range that will form one

14    part of my determination of what a just and a reasonable

15    sentence will be in your case until after a presentence report

16    has been prepared and until after you and your attorney and the

17    government all have had an opportunity to challenge any of the

18    facts reported there by the probation officer?

19              THE DEFENDANT:  Yes.

20              THE COURT:  Do you understand that even though the

21    parties in the plea agreement have agreed that the sentencing

22    guidelines recommend a sentence between 188 and 235 months'

23    imprisonment, the parties' agreement on what the sentencing

24    guidelines recommend is not binding on the Court and it's not

25    binding on the probation department?

P6KVSMIP

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand I'll need to make my own

3    independent calculation of what the sentencing guidelines

4    recommend?

5          THE DEFENDANT:  I understand.

6          THE COURT:  Do you understand that even after the

7    Court has determined what guideline range applies to your case,

8    the Court has the discretion under the current law to impose a

9    sentence that is higher or lower than the one recommended by

10   the sentencing guidelines?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Do you understand that if your attorneys

13   or anyone else has attempted to predict what your sentence will

14   be, their prediction could be wrong?  No one, not your

15   attorneys, not the government's attorney, no one can give you

16   any assurance of what your sentence will be because I'm going

17   to decide your sentence, and I'm not going to do that now and I

18   really can't do that now.

19         Instead, I'm going to wait until I receive the

20   presentence report prepared by the probation department, I'm

21   going to wait until I receive what I'm sure will be very

22   thoughtful sentencing submissions from the government and the

23   defense, I'm going to read all of those very carefully, I'm

24   going to make my own independent calculation of what the

25   guideline range is.  Most of all, I'm going to determine what a

P6KVSMIP

1    just and reasonable sentence is for you based on all of the

2    factors contained in the sentencing statute which is known as

3    Section 3553(a).  Do you understand all that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Have you discussed these issues and the

6    sentencing process with your attorneys?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Even if your sentence is different from

9    what your attorneys or anyone else has told you it might be,

10   even if it's different from what you expect, even if it's

11   different from the guideline range that appears in your written

12   plea agreement, you would still be bound by your guilty plea

13   and you would not be allowed to withdraw your guilty plea.

14             Do you understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Has anybody threatened you or anyone else

17   or forced you in any way to plead guilty?

18             THE DEFENDANT:  No.

19             THE COURT:  All right.

20             Earlier you said that there was a plea agreement,

21   Government Exhibit 1, that had been entered into between you

22   and your counsel.  I'm turning to the back page of the signed

23   plea agreement -- rather, the back page before the addendum.

24             And I see on the last page, Mr. Berger, what appears

25   to be your signature.  Is that your signature?

P6KVSMIP

1          MR. BERGER:  Yes.

2          THE COURT:  And I see the electronic signature of

3    Samuel Rothschild, the acting deputy chief of general crimes.

4    Is that the electronic signature of Mr. Rothschild or a

5    signatory authorized for him?

6          MR. BERGER:  Correct.

7          THE COURT:  And I see here for defense counsel, a

8    signature.  Whose signature is that?

9          MR. ANDRYKOVITZ:  Mine, Judge.

10          THE COURT:  All right.  Mr. Andrykovitz.

11          That is your signature dated June 11th?

12          MR. ANDRYKOVITZ:  Yes, your Honor.

13          THE COURT:  Finally, Mr. Smith, I see here your

14    signature dated June 11th.  Is that your signature?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Mr. Smith, did you read this agreement

17    before you signed it?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Did you discuss it with your attorneys

20    before you signed it?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Did you believe that you understood the

23    agreement at the time you signed it?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Did you willingly sign the agreement?

P6KVSMIP

1                    THE DEFENDANT:  Yes.

2                    THE COURT:  Did anybody force you to sign it?

3                    THE DEFENDANT:  No.

4                    THE COURT:  Do you have any agreement with the

5       government about your plea or your sentence that has been

6       omitted — that has been left out — of this written agreement?

7                    THE DEFENDANT:  No.

8                    THE COURT:  Government counsel, will you please

9       summarize the material terms of the plea agreement.

10                   MR. BERGER:  Of course.

11                   The plea agreement calls for an offense level of 36, a

12      criminal history category of I, a resulting guidelines range of

13      188 to 235 months, a mandatory minimum of ten years, a maximum

14      of life, a fine range according to the guidelines of 40,000 to

15      400,000.

16                   It provides for forfeiture of certain seized devices.

17      It provides that both parties may seek a sentence outside of

18      the stipulated guidelines range pursuant to the factors set

19      forth in 18, United States Code, Section 3553(a).

20                   It also provides that the defendant would not file a

21      direct appeal or collateral challenge of any sentence within or

22      below the stipulated guidelines range of 188 to 235 months.  It

23      provides for sex offender registration.  And it provides that

24      the defendant would not contest that he committed the conduct

25      in Attachment A.

P6KVSMIP

1          Additionally, I want to note with regard to

2    restitution, on page 3, the first full paragraph, it stipulates

3    that restitution would also include victims of the defendant's

4    receipt and distribution of child pornography, meaning the

5    conduct not subject to the information.

6          THE COURT:  All right.

7          And importantly, on page 1, though, there is an

8    agreement by the government about not prosecuting the defendant

9    for certain offenses that is presumably quite material to the

10   defendant.  What's the agreement there?

11         MR. BERGER:  The agreement provides that the

12   government -- pardon me.

13         So with regard to the stipulated conduct, the

14   defendant reserved his right to plead not guilty -- apologies.

15   I shouldn't have said "stipulated conduct."

16         With regard to the conduct that is not being

17   contested, the defendant reserves the right to plead not guilty

18   in any future prosecution related to that conduct.  And on the

19   next paragraph, going over to page 2, the government -- the

20   agreement provides that the government would not -- that the

21   defendant would not be future criminally prosecuted by our

22   office for enticing a 15-year-old minor in in or about late

23   2023 or early 2024.

24         THE COURT:  Thank you.

25         Mr. Baldassare, are you in agreement with the

P6KVSMIP

1    government's summary of the terms that were covered by the

2    Mr. Berger?

3            MR. BALDASSARE:  Yes, Judge.  Just to clarify -- yes,

4    I am.

5            THE COURT:  Anything else you want to highlight?

6            MR. BALDASSARE:  Yes, just what I mentioned before

7    about our position regarding the use of Schedule A at

8    sentencing and --

9            THE COURT:  Well, let's get rid of your position and

10    let's focus on what's in the plea agreement.

11            Is there a portion of the plea agreement you wanted to

12    highlight for me?

13            MR. BALDASSARE:  Just, Judge, with respect to the

14    agreement to pay restitution to the child pornography victims,

15    is that that is in there, we discussed it with the government,

16    and we agreed to that.  But we don't view — I just want to add

17    that that is subsumed in section -- in Appendix A, and that

18    we're not admitting or conceding to that offense, but we are

19    going to pay that restitution.

20            THE COURT:  The government didn't say you were

21    exceeding to that offense.  I'm really just trying to cover

22    what the terms are of the agreement.  And the relevant

23    provision here says that the defendant agrees to make

24    restitution... to victims of the defendant's receipt and

25    distribution of child pornography as described in Attachment A.

P6KVSMIP

1          MR. BALDASSARE:  What Mr. Berger said is absolutely

2  correct.

3          THE COURT:  Okay.  Very good.

4          And Mr. Smith, did you hear and understand the

5  government as it summarized certain terms of the plea

6  agreement?

7          THE DEFENDANT:  Yes.

8          THE COURT:  All right.

9          I just want to highlight a couple of things.

10          One is, do you understand that under the agreement,

11  you are giving up your right to appeal or otherwise challenge

12  your sentence so long as I don't sentence you to more than 235

13  months' imprisonment?

14          THE DEFENDANT:  Yes.

15          THE COURT:  And do you understand that under the

16  agreement, you're agreeing to pay restitution to victims who

17  are not victims of the enticement offense that you're charged

18  with, but rather are victims of child pornography as set forth

19  in the attachment?

20          THE DEFENDANT:  Yes.

21          THE COURT:  And do you understand as well that as to

22  the facts set out in the attachment, you are agreeing that the

23  Court may consider those facts established for purposes of

24  determining the just sentence for you under Section 3553(a) at

25  sentencing?

P6KVSMIP

                    THE DEFENDANT:  Yes.

                    THE COURT:  All right.  Has anyone made any promise or
done anything other than what's contained in the plea agreement
to induce you to plead guilty?

                    THE DEFENDANT:  No.

                    THE COURT:  Has anybody made a promise to you as to
what your sentence will be?

                    THE DEFENDANT:  No.

                    THE COURT:  Do you still wish to plead guilty pursuant
to this agreement?

                    THE DEFENDANT:  Yes.

                    THE COURT:  All right.

                    We're up now to the point where I'm going to ask you
to tell me in your own words what it is that you did that makes
you believe you're guilty of the charge in the information.

                    It looks to me as if you're about to read aloud in
response to that question, which is fine, but are you about to
do that?

                    THE DEFENDANT:  Yes, sir.

                    THE COURT:  Let me then just confirm with
Mr. Baldassare, is this statement that your client has had an
opportunity to read before today?

                    MR. BALDASSARE:  Yes, Judge.

                    THE COURT:  All right.

                    Mr. Smith, it's always important to make sure that a

P6KVSMIP

1   defendant is not just reading something, but reading a

2   statement that he has thought about and is confirming the

3   accuracy of.  Have you had a chance before this proceeding to

4   review what you're about to read to me and to satisfy yourself

5   that it's completely accurate?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  All right.  Go ahead.

8            I'll just ask you to read slowly and distinctly for

9   the benefit of the court reporter.

10           THE DEFENDANT:  Yes, your Honor.

11           In late 2023 or early 2024, another person and I

12   induced a 15-year-old to engage in a sex act.  I don't remember

13   whether it was accomplished via text or Snapchat or some other

14   online forum, but phones were definitely used.  This all

15   happened in Manhattan.

16           I knew what I was doing was wrong -- I apologize.

17           THE COURT:  Take your time.

18           THE DEFENDANT:  I knew what I was doing was wrong when

19   I did, and I don't blame anyone else for my conduct.

20           Although it was the other person I mentioned who

21   engaged in the sex acts with the minor, I was part of and

22   assisted in making it happen.

23           I accept full and 100 percent responsibility for my

24   actions, and I am prepared for the consequences.  Thank you.

25           THE COURT:  Sorry, I didn't catch the last thing you

P6KVSMIP

```
1    said.  And I?
2              THE DEFENDANT:  And I accept full and 100 percent
3    responsibility for my actions and am prepared for the
4    consequences.
5              THE COURT:  All right.  Thank you.
6              THE DEFENDANT:  Thank you.
7              THE COURT:  I think this follows from what you said,
8    but when you did these acts, you knew what you were doing was
9    wrong?
10             THE DEFENDANT:  Yes, sir.
11             THE COURT:  And you knew you were committing a crime?
12             THE DEFENDANT:  Yes.
13             THE COURT:  Mr. Berger, I think there is the fine
14   point here of the violation of New York criminal law.  What
15   follow-up, from your perspective, do I need to ask to make sure
16   that element is covered?
17             MR. BERGER:  Just one:  To confirm that the act
18   involved was oral sexual conduct involving a minor.
19             THE COURT:  Between a person over 21 and under 17.
20             MR. BERGER:  Correct.
21             THE COURT:  All right.
22             Mr. Smith, just to follow up, did you understand that
23   the sexual activity was to take the form of oral sex between a
24   person over 21 and a person under 17?
25             THE DEFENDANT:  Yes.
```

P6KVSMIP

1                THE COURT:  All right.

2                Mr. Berger, does that solve the problem?

3                MR. BERGER:  Correct.  Yes.

4                THE COURT:  All right.

5                Does defense counsel know of any valid -- sorry.

6                Does government counsel agree that there's a

7     sufficient factual predicate for a guilty plea?

8                MR. BERGER:  Yes, your Honor.

9                THE COURT:  Defense counsel, you too?

10               MR. BALDASSARE:  Yes, your Honor.

11               THE COURT:  Mr. Baldassare, do you know of any valid

12    defense that would prevail at trial or any reason why your

13    client should not be permitted to plead guilty?

14               MR. BALDASSARE:  No, I do not, your Honor.

15               THE COURT:  Mr. Smith, are you pleading guilty

16    voluntarily and of your own free will and because you are, in

17    fact, guilty?

18               THE DEFENDANT:  Yes.

19               THE COURT:  Can government counsel represent that had

20    the case gone to trial, it had sufficient evidence of each

21    element to establish a conviction?

22               MR. BERGER:  Yes, your Honor.

23               THE COURT:  Mr. Smith, because you've acknowledged

24    that you are, in fact, guilty as charged in the information,

25    because I'm satisfied that you know of your rights, including

P6KVSMIP

1    your right to go to trial, because I'm satisfied that you're

2    aware of the consequences of your plea, including the sentence

3    that may be imposed, and because I find that you're voluntarily

4    pleading guilty, I accept your guilty plea and enter a judgment

5    of guilty on the one count to which you have pled guilty.

6              Now, the next step in your case involves the

7    sentencing process, so I'm going to ask you to pay close

8    attention to what I'm about to say.

9              The probation department is going to want to interview

10   you in connection with the presentence report that it will

11   prepare.  If you choose to speak with the probation department,

12   please make sure anything you say is truthful and accurate.  I

13   read the report carefully; it's important to me in deciding

14   what sentence to impose, as are the parties' sentencing

15   submissions.

16             You and your counsel have a right to examine the

17   report and to comment on it at the time of sentencing.  I urge

18   you to read it; I urge you to discuss it with your attorneys

19   before sentencing.  If there are any mistakes in the report,

20   please point them out to your lawyers so that they can bring

21   them to my attention before sentencing.

22             Will you agree to do that?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Counsel, I take it under the circumstances

25   and with a mandatory minimum sentence in place, this is not a

P6KVSMIP

 1    case in which you're seeking an expedited sentence?

 2              MR. BALDASSARE:  No, your Honor.

 3              THE COURT:  I did not think so.

 4              All right.  Then, counsel, we'll use the usual

 5    schedule for sentencing.

 6              How about Monday, September the 29th, at 11 a.m.?

 7              MR. BALDASSARE:  Yes, your Honor.

 8              THE COURT:  Government, does that work for you as

 9    well?

10              MR. BERGER:  Just a moment, please.

11              Yes, Judge.

12              THE COURT:  All right.

13              I'll set sentencing down for that date and time.

14              Defense counsel, you should arrange for your client to

15    be interviewed by the probation department within the next two

16    weeks.  Government counsel, you should provide your case

17    summary to the probation department within the next two weeks.

18              Defense submissions in connection with sentencing are

19    due two weeks before sentencing.  The government's submission

20    is due one week beforehand.

21              All right.  I have to take up one final matter, which

22    is, as government counsel alluded to, the Rule 5(f) disclosure.

23              Under the Due Process Protections Act which was signed

24    into law in October of 2020, a court is required at the initial

25    conference of a case to orally advise the prosecution of its

P6KVSMIP

1  obligations under *Brady v. Maryland* and to also enter a written

2  order to that effect.  And so as I do in all cases, I'm about

3  to do that.

4          Mr. Berger, the question -- you've heard this, no

5  doubt, many times before, but the inquiry will end with my

6  asking you whether you understand your obligations and

7  fulfilled them.

8          Here goes:

9          I direct the prosecution to comply with its obligation

10  under *Brady v. Maryland* and its progeny to disclose to the

11  defense all information, whether admissible or not, that is

12  favorable to the defendant, material either to guilt or to

13  punishment, and known to the prosecution.  Possible

14  consequences for noncompliance may include dismissal of

15  individual charges or the entire case, the exclusion of

16  evidence, and professional discipline or court sanctions on the

17  attorneys responsible.

18          I will be entering a written order more fully

19  describing this obligation and the possible consequences of

20  failing to meet it.  I direct the prosecution to review and

21  comply with that order.

22          Does the prosecution confirm that it understands its

23  obligations and will fulfill them?

24          MR. BERGER:  Yes, your Honor.

25          THE COURT:  Thank you.

P6KVSMIP

1          I realize there's one final thing.  I believe I have

2     been handed a preliminary order of forfeiture.

3          MR. BERGER:  Yes, Judge.  It's been signed by the

4     parties.

5          THE COURT:  Say again.

6          MR. BERGER:  Yes, it's been signed by the parties.

7          THE COURT:  That has been signed by you dated today,

8     Mr. Berger?

9          MR. BERGER:  Yes.

10         THE COURT:  And, Mr. Andrykovitz, has that been signed

11    by you on June 19th?

12         MR. ANDRYKOVITZ:  Yes, your Honor.

13         THE COURT:  Mr. Smith, is this your signature dated

14    June 19th on that order?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  All right.  I'm signing it.  And that will

17    issue today.

18         All right.

19         Is there anything further from the government?

20         MR. BERGER:  No, your Honor.  Thank you.

21         THE COURT:  All right.

22         Is there anything further from the defense?

23         MR. BALDASSARE:  No, your Honor.

24         THE COURT:  All right.  Thank you.

25         We stand adjourned.

P6KVSMIP

1          I look forward to seeing everybody in September.

2          Have a good summer everybody.

3          Thank you.

4                              *    *    *

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25