

**BALDASSARE & MARA, LLC**

<u>**VIA ECF**</u>

September 25, 2025

Honorable Paul A. Engelmayer,
 United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:   *United States v. Smith,*
             <u>Crim. No. 25:281 (PAE)</u>

Dear Judge Engelmayer:

      This firm, along with The Law Offices of Thomas H. Andrykovitz, P.C., represents Defendant Justin Smith. Please accept this reply to the government's September 22, 2025 sentencing submission. The following discussion corrects the record and ensures that the Court has complete information when fashioning Mr. Smith's sentence. For the following reasons, the government's submission does not justify a guidelines sentence.

      *First*, the government does not address any of the legal issues raised by Mr. Smith. For example, the government ignores Mr. Smith's argument that his final guidelines range is artificially high based on the 5-level "pattern" increase under USSG § 4B1.5. Def.'s Mem. at 21-25. It appears the government has concluded that § 4B1.5 is indefensible. The government also completely ignores Mr. Smith's position (supported by statistics from United States Sentencing Commission) that his age is an important mitigating factor under § 3553. Def.'s Mem. at 16-20. And, the government ignores Mr. Smith's request for a decreased sentence based upon the conditions at MDC. *Id.* at 13-15. Despite the government's belief that the MDC conditions are worth no discussion, many district courts have paid attention on this score. *Id.* (citing cases.)

      *Second*, the government does not offer a single case or statute to justify its request for a sentence of nearly 20 years. To be sure, the government provides the applicable legal standard. Gov't Ltr. at 10. But the government's § 3553 argument, *id.* at 11-12, does not cite (let alone analyze) a single judicial decision. Instead, the government provides a series of conclusory sentences that fall short of supporting a guidelines sentence.

      *Third*, the government erroneously attacks Dr. Novitskie's report. For example, the government challenges Dr. Novitskie's reliance upon the date of the triggering event for Mr.

Smith's criminal conduct, *i.e.*, being shown child pornography. Here, the government relies on the "creation date" of certain videos. Gov't Ltr. at 12. However, as the government knows or should know, the "creation date" has nothing to do with the date on which an individual received or saw an image. The government offers no expert analysis to contradict what is common knowledge on this point. The government also challenges Dr. Novitskie's statement that "there is no indication that Mr. Smith has any prior hands-on sexual offense of any kind." Gov't Ltr. at 12 (quoting Dr. Novitskie's report). Dr. Novitskie's statement is not, as the government claims, a "false premise." *Id.* The PSR clearly states that Mr. Smith has never been charged with a sex offense. PSR ¶¶ 47-51. Further, Mr. Smith did not admit to touching a minor and there is no such allegation in Attachment A.

*Fourth*, when arguing for a sentence of nearly two decades, the government all but ignores the conduct to which Mr. Smith admitted (enticing a minor and watching the minor engage in oral sex with CC-1 while Mr. Smith masturbated).[1] Rather, seven pages of the government's 13-page letter rely on conduct to which Mr. Smith did not admit. Gov't Ltr. at 3-9. To be sure, Mr. Smith agreed not to contest that conduct. And there is no question that the Court is permitted to consider that conduct when fashioning Mr. Smith's sentence. However, when selecting Mr. Smith's sentence, the Court should avoid the mechanistic imposition of a guidelines sentence.

*Fifth*, the record should be corrected on two points. The government claims that Attachment A to the plea agreement contains a stipulation regarding an allegation that Mr. Smith asked a minor for pictures of his 10-year-old sister. Gov't Ltr. at 6. Attachment A does not contain such a stipulation. Also, footnote 5 refers to "Individual-2," *id.* at 7 n.5, but there is no "Individual-2" in this case. This "2" should probably be "1." Given the government's request for a lengthy sentence, the record should be clear to avoid erroneously broadening the criminal conduct for which this Court imposes sentence.

*    *    *    *

For all these reasons, the government has failed to establish that a guidelines sentence is appropriate under the prevailing legal standard.

Respectfully,

Michael Baldassare

---

[1] This individual's identity is known to the defense and the government. The government never informs the Court that CC-1 (the man who actually sexually assaulted that minor) has not been publicly charged and is free in Manhattan, living an unfettered life complete with active Instagram and LinkedIn accounts.